1

2

3

4

5

6

7

8         **IN THE UNITED STATES DISTRICT COURT**

9         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  LAZARO S. COYOTZI, et al.,                    CASE NO. CV F 09-1036 LJO SMS

12                    Plaintiffs,          **ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

13        vs.                              (Doc. 9.)

14  COUNTRYWIDE FINANCIAL
    CORPORATION, et al.,

15

16                    Defendants.
                                        /

17                              **INTRODUCTION**

18        Plaintiffs Lazaro S. Coyotzi and Seyla Coyotzi (collectively "plaintiffs") seek a temporary

19  restraining order ("TRO") to enjoin an August 14, 2009 unlawful detainer trial in Stanislaus County

20  Superior Court following the trustee's sale of their Modesto home.  Plaintiffs allege 14 tort, breach of

21  contract and related claims arising from their home loan, default and foreclosure.  For the reasons

22  discussed below, this Court DENIES plaintiffs a TRO to enjoin the unlawful detainer trial.

23                              **DISCUSSION**

24                          ***Younger* Abstention**

25        The abstention doctrine under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971), precludes

26  plaintiffs' requested injunctive relief.  *Younger* abstention is proper where (1) there are ongoing state

27  judicial proceedings, (2) that implicate important state interests, and (3) there is an adequate opportunity

28  in the state proceedings to raise federal questions.  *Middlesex County Ethics Comm. v. Garden State Bar*

1

1   *Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521 (1982); *Confederated Salish v. Simonich*, 29 F.3d 1398,

2   1405 (9th Cir. 1994).  The "policy objective behind *Younger* abstention is to avoid unnecessary conflict

3   between state and federal governments." *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001).

4   *Younger* permits "state courts to try state cases free from interference by federal courts," particularly

5   where the party to the federal case may fully litigate his claim before the state court. *Hicks v. Miranda*,

6   422 U.S. 332, 349, 95 S.Ct. 2281 (1975) (quoting *Younger*, 401 U.S. at 43, 91 S.Ct. 746).  *Younger*

7   "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and

8   federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689 (1973); *Beltran v.*

9   *State of California*, 871 F.2d 777, 782 (9th Cir. 1988).  "*Younger* generally directs federal courts to

10  abstain from granting injunctive or declaratory relief that would interfere with pending state judicial

11  proceedings." *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997), *overruled on other*

12  *grounds*, *Green*, 255 F.3d 1086.

13          Plaintiffs' requested injunctive relief would interfere with underlying state court proceedings.

14  *Younger* directs this Court to abstain from doing so.  The state court proceedings provide plaintiffs an

15  adequate opportunity to address issues raised in their papers seeking injunctive relief.  This Court is not

16  in a position to interject into ongoing state court proceedings.

17                                          **Injunction Merits**

18          As to the merits, plaintiffs fail to demonstrate that they are entitled to injunctive relief.  The

19  purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily

20  favors the moving party that justice requires the court to intervene to secure the positions until the merits

21  of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

22  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of

23  probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the

24  balance of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F. 2d 935, 937 (9th

25  Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable

26  injury." *Arcamuzi*, 819 F.2d at 937.  Also, an injunction should not issue if the plaintiff "shows no

27  chance of success on the merits." *Arcamuzi*, 819 F.2d at 937.  At a bare minimum, the plaintiff "must

28  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

1    *Arcamuzi*, 819 F.2d at 937.

2        When a government agency is involved, it must "be granted 'the widest latitude in the dispatch

3    of its own internal affairs,'" *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v.*

4    *Goode*, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these

5    considerations are, if anything, strengthened because of federalism concerns," *Gomez*, 255 F.3d at 1128.

6    "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course

7    of proceeding.'" *Gomez*, 255 F.3d at 1128 (quoting  *O'Shea v. Littleton*, 414 U.S. 488, 501, 94 S.Ct.

8    669, 679 (1974)).

9        Plaintiffs fail to demonstrate probable success on their claims or significant threat of irreparable

10   injury, especially given that the underlying state proceedings apparently continue.  Plaintiffs make a

11   meaningless attempt to demonstrate a fair chance of success on the merits or the existence of serious

12   questions to require litigation.  In essence, plaintiffs claim they were unqualified for their home loan and

13   that defendants breached fiduciary and related duties.  "The relationship between a lending institution

14   and its borrower-client is not fiduciary in nature."  *Nymark v. Heart Fed. Savings & Loan Assn*, 231

15   Cal.App.3d 1089, 1093, n. 1, 283 Cal.Rptr. 53 (1991) (citing *Price v. Wells Fargo Bank,* 213 Cal.App.3d

16   465, 476-478, 261 Cal.Rptr. 735 (1989)).  A commercial lender is entitled to pursue its own economic

17   interests in a loan transaction. *Nymark*, 231 Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53(citing *Kruse v.*

18   *Bank of America,* 202 Cal.App.3d 38, 67, 248 Cal.Rptr. 217 (1988)).  Absent "special circumstances"

19   a loan transaction is "at arms-length and there is no fiduciary relationship between the borrower and

20   lender." *Oaks Management*, 145 Cal.App.4th at 466, 51 Cal.Rptr.3d 561 ("the bank is in no sense a true

21   fiduciary").

22       This Court is familiar with plaintiffs' claims which many prior defaulted borrowers have pursued

23   unsuccessfully.  Plaintiffs offer nothing to suggest a fair chance of success on the merits.  Plaintiffs'

24   TRO request appears as a further delay tactic given its belated filing mere days before the unlawful

25   detainer trial.  Plaintiffs face a pending motion to dismiss to cast further doubt on probable success of

26   their claims.

27       Furthermore, equitable remedies are "unavailable absent a showing of irreparable injury, a

28   requirement that cannot be met where there is no showing of any real or immediate threat that the

plaintiff will be wronged again – a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670 (1983) (quoting *O'Shea*, 414 U.S. at 502, 94 S.Ct. at 679).  In this instance, plaintiffs allege no identifiable, potentially repeatable wrongs, especially given completion of the trustee's sale.  If plaintiffs prevail, their injury will not go unrecompensed because they have an adequate remedy at law. *Lyons*, 461 U.S. at 111, 103 S.Ct. at 1670.  Plaintiffs are not entitled to equitable relief because there is no allegation that they will be wronged again.

## CONCLUSION

For the reasons discussed above, this Court DENIES plaintiffs a TRO to enjoin the unlawful detainer trial.

IT IS SO ORDERED.

**Dated:    August 11, 2009**                             **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE